FILED
10/17/2025
Tina Henry
CLERK
Cascade County District Court
STATE OF MONTANA
By: Elizabeth Sweeney
DV-7-2025-0000460-NE
Kutzman, John A.
1.00

Mark M. Kovacich
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@justicemt.com

Attorneys for Plaintiff

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| TYLER W. WEAVER, | ) CAUSE NO. DV-7-2025-0000460-NE |
| | ) Judge John A. Kutzman |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT AND JURY** |
| | ) **DEMAND** |
| CALUMET MONTANA REFINING, | ) |
| LLC, and DOES A-Z, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Plaintiff Tyler W. Weaver, demanding trial by jury, and for his complaint against the above-named Defendants as follows:

**PARTIES**

**1.**

Plaintiff Tyler W. Weaver ("Plaintiff") is a natural person and citizen of Cascade County, Montana.

**2.**

Defendant Calumet Montana Refining, LLC, ("Calumet Montana Refining") is a Delaware company, with its principal place of business in Montana. Calumet Montana Refining regularly transacts business within the State of Montana and committed tortious conduct giving rise to this

**COMPLAINT AND JURY DEMAND - 1**

Complaint and Jury Demand in the State of Montana.

**3.**

The true names and capacities of the Defendants named herein as Does A-Z are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to state the true names and capacities of Does A-Z when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions. Defendant Does A-Z are natural persons, corporations, partnerships, joint ventures, or other legal entitles who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

**4.**

This Court has subject matter jurisdiction over this action and personal jurisdiction over each of the parties.

**5.**

Venue is proper in Cascade County, Montana, under § 25-2-122, MCA, because Cascade County, Montana, is the county in which Plaintiff resides, and it is the county in which the subject tort was committed.

## GENERAL ALLEGATIONS

**6.**

On July 26, 2023, Plaintiff was an employee of Calumet GP, LLC, ("Calumet GP") assigned

to work as a console operator at the refinery located at 1900 10th St. NE, in Great Falls, Montana, owned and/or operated by Defendant Calumet Montana Refining ("Defendant's refinery").

**7.**

Plaintiff's job duties as an employee of Calumet GP while assigned to work at Defendant's refinery included working in the Fluid Catalytic Cracking Unit ("the FCC Unit") at Defendant's refinery.

**8.**

On or about July 23, 2023, the reactor was reported clogged, and feed was pulled from the FCC Unit on or about July 24, 2023.

**9.**

In an attempt to unclog the reactor, the first day of steaming started on or about July 24, 2023, and continued through July 26, 2023, during Plaintiff's shift at Defendant's refinery.

**10.**

Defendant Calumet Montana Refining did not order a shut down of the FCC Unit.

**11.**

Prior to the incident described herein, Plaintiff and other similarly situated co-workers followed a process to vent steam and hot water from the FCC Unit at Defendant's refinery. That process included opening and closing a valve to release steam. An unsecured steam hose was attached to the valve.

**12.**

During Plaintiff's July 26, 2023, work shift, he was working in the FCC Unit when he and other members of his crew were assigned the task of draining the hot water, steam, and spent catalyst

from the clogged reactor through the steam hose.

**13.**

Specifically, Plaintiff was inside a regenerator skirt attached to the FCC Unit operating the drain valve, and other members of his crew were on the decking surrounding the FCC Unit handling the steam hose in an effort to unclog the reactor.

**14.**

Spent catalyst, steam, and hot water began rapidly expelling from the steam hose due to the built up pressure in the FCC Unit, and the steam hose whipped into the regenerator skirt where Plaintiff was operating the drain valve.

**15.**

Plaintiff was unable to safely exit the regenerator skirt due to the steam hose expelling steam, hot water, and spent catalyst into the regenerator skirt and onto the surrounding decking, thereby blocking the only safe exit and trapping Plaintiff.

**16.**

Due to the unsecured steam hose and the reactor not being designed for routine draining, Plaintiff was sprayed with hot water, steam, and spent catalyst causing serious and permanent injuries, including third-degree burns covering approximately 43% of his body.

**17.**

Due to the lack of safe exits points, Plaintiff was unable to exit the FCC Unit and suffered serious and permanent injuries, including third-degree burns covering approximately 43% of his body.

**18.**

Defendant Calumet Montana Refining maintained responsibility for safety and accident prevention at its refinery.

**19.**

The workplace in which Plaintiff was required to work was not maintained in a reasonably safe condition.

**20.**

The work Plaintiff was performing at the time of the incident constituted inherently dangerous activity under Montana law.

**21.**

Defendant Montana Calumet Refining had a nondelegable duty to provide Plaintiff with a safe place to work, with safe job supervision, and with reasonably safe tools and equipment with which to do the work.

**22.**

Defendant Montana Calumet Refining was aware, or should have been aware, that the work being performed at the time of Plaintiff's injury created a peculiar risk of physical harm to Plaintiff and similarly situated workers, unless special precautions were taken. Defendant Montana Calumet Refining failed to ensure, through contract or otherwise, that special precautions were taken to prevent physical harm to Plaintiff and other similarly situated workers.

**23.**

The acts and omissions of Defendant Calumet Montana Refining, through its own conduct, and the conduct of its employees, agents, and representatives, was negligent, unlawful, and caused

Plaintiff to suffer significant injuries and damages as pleaded herein.

## FIRST CAUSE OF ACTION
### (Negligence)

**24.**

Plaintiff realleges paragraphs 1-23 and adopts the same as if fully set forth in this First Cause of Action.

**25.**

Defendants had duties to exercise reasonable care in the manner in which they conducted, controlled, and managed the work in Plaintiff's workplace. Defendants' duties included duties to exercise reasonable care for the safety of others, including Plaintiff.

**26.**

Defendants had a duty to exercise due care in the manner in which they maintained the premises in which Plaintiff was assigned to work, namely the premises consisting of Defendant's refinery.

**27.**

Defendants breached their duties by the manner in which they conducted, controlled, and managed the subjection work and workplace. Defendants' negligence, in addition to that herein alleged consisted of:

(a) Failing to provide safe tools and equipment to perform the work;

(b) Failing to provide proper instruction to workers;

(c) Failing to provide safety training or consultation to workers;

(d) Failing to provide adequate supervision for the work and failing to properly supervise workplace safety;

(e) Failing to provide and/or require the use of safety devices which could have prevented Plaintiff's injuries;

(f) Failing to ensure that special precautions were taken to prevent physical harm to Plaintiff; and

(g) Violating applicable safety laws and regulations.

**28.**

Defendants breached their duty and failed to exercise due care by the manner in which they maintained their premises, namely the premises consisting of Defendant's refinery. Defendants' negligence, in addition to that herein alleged, consisted of:

(a) Failing to maintain their premises, namely the premises consisting of Defendant's refinery in a reasonably safe condition for those assigned to work there, including Plaintiff;

(b) Negligently maintaining an unsecured steam hose in the FCC Unit for the purpose of draining steam, hot water, and spent catalyst from the reactor;

(c) Causing pressure and heat to build up within the FCC Unit at a PSI that was substantially higher than during typical operations;

(d) Failing to shut down the FCC Unit to drain spent catalyst;

(e) Failing to maintain adequate access and exit to the reactor for routine operations; and

(f) Violating applicable safety rules and regulations.

**29.**

As a direct and proximate cause of Defendants' negligence, as set forth herein, Plaintiff suffered, and continues to suffer, serious and permanent injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION
**(Negligence *per se* Against Defendants)**

**30.**

Plaintiff realleges paragraphs 1-29 and adopts the same as if fully set forth in this Second Cause of Action.

**31.**

At the time Plaintiff suffered the injuries alleged herein, Defendants failed to provide Plaintiff with a safe place to work and with reasonably safe tools and equipment with which to do the work, in violation of § 51-71-201, *et seq.*, MCA.

**32.**

Defendants' violations of § 51-71-201, *et seq.*, MCA, constitutes negligence *per se*.

**33.**

As a direct and proximate cause of Defendants' negligence *per se*, as set forth herein, Plaintiff suffered, and continues to suffer, serious and permanent injuries and damages as herein alleged.

## THIRD CAUSE OF ACTION
**(Strict Liability for Abnormally Dangerous Activity)**

**34.**

Plaintiff realleges paragraphs 1-33 and adopts the same as if fully set forth in this Third Cause of Action.

**35.**

The work Plaintiff was engaged in when he was injured at Defendant's refinery was an abnormally dangerous and ultrahazardous activity in that:

(a) There exists a high degree of risk of serious harm to persons which cannot be eliminated by the exercise of reasonable care;

(b) There is a strong likelihood that great harm will result to individuals performing such work;

(c) Work of the type of which Plaintiff was engaged in is not a common activity which would be carried on by the great mass of mankind or many people in the community;

(d) The manner in which Defendants conducted the project on which Plaintiff was injured was and is inappropriate; and

(e) The value to Defendants of work of this type is substantially outweighed by the likelihood of harm resulting therefrom.

**36.**

As a direct and proximate cause of Defendants' unlawful actions and abnormally dangerous activities, as set forth herein, Plaintiff suffered, and continues to suffer, serious and permanent injuries and damages as herein alleged.

**DAMAGES**

**37.**

As a direct and proximate result of Defendants' negligence, negligence *per se*, unlawful conduct, and ultrahazardous activity, Plaintiff suffered, and continues to suffer, serious and permanent injuries, including, but not necessarily limited to, third-degree burns covering approximately 43% of his body.

**38.**

As a direct and proximate result of Defendants' negligence, negligence *per se*, unlawful

conduct, and ultrahazardous activity, Plaintiff has incurred, and will continue to incur, substantial medical expenses; he has suffered and will continue to suffer from a loss of household and personal services; he has experienced, and will continue to experience, great physical and mental pain and suffering; and his established course and way of life has, and will continue to be, damaged.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment of and from Defendants for all damages allowed by law within the jurisdiction of this Court, together with all costs of suit and for such other and further relief to which Plaintiff may be justly entitled, including but not limited to:

1. All damages, special and general, recoverable under Montana law including but not limited to, damages for past and future medical expenses; emotional and physical pain and suffering; loss of enjoyment of established course of life; loss of household and personal services; and incidental damages in a reasonable sum to be proven at trial;

2. All recoverable costs; and

3. Such other and further relief as the Court may deem equitable and just.

DATED this 17th day of October, 2025.

                                                              KOVACICH SNIPES JOHNSON, P.C.

                              BY:    */s/ Mark M. Kovacich*
                                             Mark M. Kovacich
                                             P.O. Box 2325
                                             Great Falls, MT  59403
                                             Attorneys for Plaintiff